We see no ground upon which the judgment may be disturbed.

Judgment affirmed, with costs.

BISCHOFF, J., concurs.
Judgment affirmed. —————————

SWEEZEY *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA.

APPEAL from judgment in favor of plaintiff, entered upon the verdict of a jury, and from order denying motion upon the minutes for a new trial.

*William Henry Knox*, for plaintiff (respondent).

*Campbell, Hotchkiss & Reiley* (*William O. Campbell*, of counsel), for defendant (appellant).

BISCHOFF, J. (orally). It is conceded here that the circumstances excluded an inference that the wound of which the insured died, was inflicted by a person other than himself, or that it was the result of accident, and that permits of no inference other than that his death was due to suicide. On the trial counsel for the defendant said : " I ask the court to charge that there is no proof of any accident happening." The court said : " Yes, there is no evidence how the man fell." Now, if the wound was not inflicted by a person other than the insured, and if it was not the result of accident, to what was the death of the intestate attributable, if not to suicide? All other inferences as to the cause of death being removed, suicide was no longer left to presumption or inference, but stood established.

Judgment should be reversed, and a new trial ordered, with costs to abide the event.

PRYOR, J. (orally). I place my concurrence with the learned presiding judge upon another and independent ground, namely, that the verdict is contrary to the clear and conclusive evidence.

The issue was whether the decedent committed suicide. That he did so, that he intentionally destroyed himself, is the only possible inference from the evidence. It is conceded that he was not killed by another, but by himself. Then, was the death by design or by accident? Who can doubt that it was by design? He was found with his throat completely cut; and the very nature of the wound excluded the possibility of accident and established to demonstration that it was the effect of contrivance. Then we have as part of the *res gestæ*, the instant declaration of the wife that the deceased had committed suicide. We have further, the report to the insurance company that the cause of his death was suicide.

It is not the right only, but the duty of the General Term to set aside a verdict palpably against the evidence and the justice of the case. Such is the present case.

Judgment reversed and new trial ordered.